**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NOS. 5:25CR176 |
| | : | 5:25CR214 |
| Plaintiff, | : | |
| | : | JUDGE CHRISTOPHER A. BOYKO |
| -vs- | : | |
| | : | |
| GRANT T. WILCOX, | : | **MOTION TO WITHDRAW** |
| | : | **AS COUNSEL** |
| Defendant. | : | |

Undersigned counsel moves to withdraw from representation of Mr. Grant Wilcox and requests the appointment of substitute counsel from the Criminal Justice Act panel.

This request is made due to a complete and total breakdown in communication, as well as an irreconcilable conflict that has developed in the attorney-client relationship. For some time now, attorney-client communication in this case has been strained. Communication between Mr. Wilcox and counsel has deteriorated to such an extent that counsel can no longer adequately and effectively represent him. Attempts have been made to repair the relationship, to no avail. More recently, Mr. Wilcox has made numerous requests for undersigned counsel to withdraw from his case. Further, counsel has been informed that on July 10, 2025, Mr. Wilcox sent to the Court and government counsel a lengthy pro se "Motion for Substitution of Counsel". Rules of ethics and professional conduct prevent undersigned counsel from responding, but counsel can state he does believe the attorney-client relationship has reached a point of disrepair and that new counsel should be appointed at this time.

In considering a counsel's motion to withdraw, a factor to consider is "the extent of the conflict between the attorney and client and whether it resulted in a total lack of communication".

*United States v. Williams*, 176 F.3d 301 (6th Cir. 1999). Here, counsel submits that the extent of the conflict is significant and has resulted in a complete and total lack of meaningful communication. Numerous and repeated unsuccessful efforts have been made at trying to reestablish communication and establish the attorney-client relationship. Counsel believes further attempts would be futile, would delay progress being made in this case, and would merely serve to further deteriorate the attorney-client relationship.

In short, this Court should allow counsel to withdraw from representation in this case and appoint CJA counsel. "[A] breakdown has occurred in the attorney client relationship. That breakdown renders defense counsel unable to effectively represent Defendant." *United States v. Rider-El*, 2021 WL 4129342 (ED Mich. Sept. 10, 2021).

Given these circumstances, it is in the best interests of Mr. Wilcox, the Court, and all parties that defense counsel be withdrawn, and new counsel from the CJA panel be appointed for Mr. Wilcox.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ David E. Johnson*
DAVID E. JOHNSON
Assistant Federal Public Defender
Ohio Bar: 0081505
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: David_Johnson@fd.org