UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:25-cr-176-SL |
| Plaintiff, | 5:25-cr-214-SL |
| vs. | Akron, Ohio |
| | Monday, July 21, 2025 |
| GRANT T. WILCOX, | Courtroom 400 |
| Defendant. | BOND VIOLATION HEARING |

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE AMANDA M. KNAPP,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:

OFFICE OF THE U.S. ATTORNEY - AKRON
BY: JOSEPH P. DANGELO, AUSA
2 South Main Street, Suite 208
Akron, OH 44308
(330) 375-5492

(Appearances continued on Page 2)

DIGITALLY RECORDED: For The Record (FTR) 10:36:02 a.m. - 10:57:07 a.m.

RECORDED BY: M. Kacmar

TRANSCRIBED BY: Heather K. Newman (216) 357-7035

Proceedings recorded by electronic sound recording; transcript produced by machine shorthand and computer-aided transcription.

APPEARANCES CONTINUED:

For the Defendant:

LAW OFFICE OF ROBERT A. DIXON
BY: ROBERT A. DIXON, ESQ.
323 West Lakeside Avenue, Suite 200
Cleveland, OH 44113
(216) 432-1992

Also present:

VALENCIA SMALL
U.S. Pretrial Services and Probation Office

* * * * *

AKRON, OHIO; MONDAY, JULY 21, 2025; 10:36:02 A.M.

--oOo--

P R O C E E D I N G S

COURTROOM DEPUTY: All rise.

This honorable United States Court for the Northern District of Ohio is now open for the transaction of business. The Honorable Amanda M. Knapp presiding.

Please be seated.

Your Honor, the case before the Court carries Case Number 5:25-cr-176 and Case Number 5:25-cr-214, United States of America vs. Grant Wilcox.

THE COURT: All right. Good morning, everyone.

Can I have appearances, please, from counsel?

MR. DANGELO: Good morning, Your Honor, Joe Dangelo on behalf of the United States.

MR. DIXON: Good morning, Your Honor, may it please the Court, Robert Dixon on behalf of Mr. Wilcox.

THE COURT: All right.

And I can see Mr. Wilcox here.

Good morning, sir.

THE DEFENDANT: Good morning, ma'am.

THE COURT: All right. Mr. Wilcox, you're here in federal court because of the Release Status Report submitted to the Court by the Office of Pretrial Services

alleging that you violated the conditions of your bond.

At today's proceeding we will address several matters.

First, I'm going to advise you of some of your constitutional rights. That includes your right to counsel, your right to remain silent.

Second, I'll advise you of the nature of the violation of which you've been accused, as well as the potential penalties for violating your bond.

Finally, we'll talk about whether you want a revocation hearing to determine whether you violated the conditions of your bond.

First of all, sir, you do have a constitutional right to be represented by an attorney at every stage of these proceedings. If you are not able to afford an attorney, the Court will appoint one to represent you without cost.

Do you understand your right to counsel?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: All right. And Mr. -- the Court has previously appointed Mr. Dixon to represent you in this case.

Do you understand Mr. Dixon is representing you as your attorney today?

THE DEFENDANT: Yes, I do.

THE COURT: Another right you have in this matter under the Constitution is the right to remain silent.

You are not required to make any statements today, but anything that you say may be used against you. If you start to make a statement, you may stop at any time.

You may consult privately with your attorney, Mr. Dixon, at any time.

Do you understand your right to remain silent?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: All right. You've been brought here, as I indicated, on a summons for an alleged violation of the conditions of your pretrial release bond.

Sir, did you receive a copy of the Release Status Report that is dated July 14th of 2025?

THE DEFENDANT: Yes, I did, Your Honor.

THE COURT: And did you have an opportunity to discuss the allegations in the Release Status Report with your attorney and ask him all the questions you had about that report and today's proceedings?

THE DEFENDANT: Yes, I did, Your Honor.

THE COURT: All right.

Mr. Dangelo, would you please describe the violation of which Mr. Wilcox has been accused?

MR. DANGELO: Yes, Your Honor.

He has not complied with the terms and conditions of release. The nature of the non-compliance and reason for the modification is outlined in a report dated 7-14 of 2025.

Essentially, it is that he had tested positive for amphetamines -- methamphetamine, buprenorphine, and norbuprenorphine on June 16th of 2025.

They -- the Pretrial Services officer had offered a conditions of release -- a modification of the conditions of release, along with substance abuse testing. I believe the defendant was initially declining to comply with that which, you know, obviously was the reason for wanting to bring him into the court.

THE COURT: All right. Now, it looks to me like the Court modified the conditions of his bond on June 16th to include not using or unlawfully possessing a narcotic drug/controlled substance unless prescribed by a licensed medical practitioner, submit to testing for prohibited substances, and participate in a program of inpatient or outpatient substance abuse treatment if directed by Pretrial Services.

Am I correct that that modification was made back in June, Mr. Dangelo?

MR. DANGELO: That's correct, and they also asked him to appear, and he refused on July 10th of 2025.

THE COURT: Okay. And that was my understanding. The violation here is that he was asked to appear to meet with Pretrial Services in connection with the requirement that he participate in treatment and that he did

not appear.

Is that the alleged violation, Mr. Dangelo?

MR. DANGELO: Yes, Judge.

THE COURT: All right.

Officer Small, do I have -- do I have that correct that that's the violation alleged here?

PRETRIAL OFFICER: Yes, Your Honor.

Thank you.

THE COURT: All right. Thank you.

And Mr. Dixon, now, is that a correct understanding of the violation alleged in the Release Status Report?

MR. DIXON: I believe it is, Your Honor.

THE COURT: Thank you.

Mr. Wilcox, under 18 U.S.C. 3148(e) -- excuse me, (a), the sanctions for violating a condition -- I want you to be careful of --

THE DEFENDANT: I'm just recalling --

THE COURT: Yeah. Okay.

THE DEFENDANT: Yeah. -- the section.

THE COURT: The sanctions for violating a condition of pretrial release include revocation of release, an order of detention, and even a prosecution for contempt of court.

Sir, do you understand the allegations against you and the potential sanctions?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: All right. Now, sir, you have a right to have a revocation hearing to determine whether you violated the conditions of your bond and whether your bond should be revoked.

Mr. Dixon, do I understand correctly that Mr. Wilcox would like to waive that right and admit the violation today?

MR. DIXON: That's correct, Your Honor.

THE COURT: All right. Thank you.

Mr. Wilcox, I'm going to be asking you some questions before we proceed but, first of all, sir, I do want to advise you that there is an audio recording being made of this proceeding. What that means for practical purposes is if you choose to answer my questions today, I'd ask you to please keep your voice up and give me your answers in words.

If you don't understand a question, please ask for clarification and, of course, you may also consult privately with your attorney at any time.

Do you understand my instructions?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: Would the clerk please administrator the witness oath?

COURTROOM DEPUTY: Please raise your right hand.

Do you solemnly swear or affirm, subject to the penalty of perjury, that the statements you are about to make will be the truth, the whole truth, and nothing but the truth?

If so, answer "I do."

THE DEFENDANT: I do.

COURTROOM DEPUTY: Thank you.

THE COURT: All right. Mr. Wilcox, you're now under oath to tell the truth. That means if you choose to answer my questions today and you give false information, you may be subject to the penalties of perjury.

Do you understand that, sir?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: All right. Would you tell me, please, your full name?

THE DEFENDANT: Grant Thomas Wilcox.

THE COURT: How old are you, sir?

THE DEFENDANT: 37 years old.

THE COURT: How far did you go in school?

THE DEFENDANT: A bachelor's degree.

THE COURT: And do I understand correctly from your answers to my questions so far today that you can both speak and understand the English language?

THE DEFENDANT: That's correct, Your Honor.

THE COURT: Are you also able to read and

write in English without assistance?

THE DEFENDANT: That's correct.

THE COURT: In the last 12 months have you received treatment for mental illness, drug addiction, or alcohol addiction?

(Brief pause in proceedings.)

THE DEFENDANT: Yes.

THE COURT: All right. Would you tell me briefly what condition or conditions you received treatment for?

THE DEFENDANT: I see a psychiatric nurse for ADHD, for depression, and anxiety, monthly.

THE COURT: Okay. All right. And you see the nurse. Do you also take medication for these conditions?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: Are you compliant with your medications as prescribed?

THE DEFENDANT: Yes, I am, Your Honor.

THE COURT: Sir, is there anything about those conditions, or the medications that you take for these conditions, that you believe might make it difficult for you to understand what's happening here today?

THE DEFENDANT: No, I do not, Your Honor.

THE COURT: In the last 24 hours have you taken any medication, drugs, alcohol, or any other substance

that you believe might make it difficult for you to understand what's happening here today?

THE DEFENDANT: No, I do not, Your Honor.

THE COURT: Have you had a sufficient opportunity to talk with your attorney, Mr. Dixon, about why we are here today and what the purpose of this proceeding is?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: Mr. Dixon, having prepared for today's proceeding Mr. Wilcox, do you have any concerns regarding competency?

MR. DIXON: Not at all, Your Honor.

THE COURT: All right.

Mr. Dangelo, any concerns regarding competency from the government?

MR. DANGELO: No, Judge.

THE COURT: Now, Mr. Wilcox, it's my understanding from your attorney that you wish to waive your right to a revocation hearing and to admit the violation of the terms of your bond today; is that correct?

THE DEFENDANT: Yes, it is, Your Honor.

THE COURT: Sir, do you understand that by giving up your right to a hearing the Court may determine that you should be detained until further order of the Court?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: And, sir, did you have an opportunity to review that Release Status Report with your attorney?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: And do you understand the report?

THE DEFENDANT: Yes, I do.

THE COURT: Now, sir, it's my understanding that you wish to admit the violation alleged in that report, again, that is the violation of failing to appear as directed with Pretrial Services in connection with the conditions of your release. I understand you admit -- wish to admit that violation. Do you understand that by doing so you will waive your right to have the government present evidence to prove the violation, your right to question the government's witnesses, and your right to present evidence of your own?

THE DEFENDANT: We're not going to -- yes, Your Honor.

THE COURT: You understand you have that right and --

THE DEFENDANT: Yes.

THE COURT: And you understand you will be waiving it?

THE DEFENDANT: Yes.

THE COURT: Now, we talked previously about your right to remain silent. By admitting to the violation you will necessarily be making statements against your interest and you will incriminate yourself.

Do you understand that by admitting the violation you will necessarily be giving up your right to remain silent?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Sir, has anyone -- and when I say anyone, I mean someone at the court, someone from the U.S. Attorney's Office, your own attorney, or any other person -- has anyone threatened you, or anyone else, or forced you in any way to admit the violation?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anyone made any promise to you to induce you to admit the violation?

THE DEFENDANT: No, Your Honor.

THE COURT: Mr. Wilcox, how do you plead to the violation charged in the Release Status Report of July 14th of 2025; admit or deny?

THE DEFENDANT: Admit.

THE COURT: Are you admitting that violation because you did, in fact, commit that violation?

THE DEFENDANT: That's correct.

THE COURT: The Court finds Mr. Wilcox's admission to the violation charge to be a knowing and

voluntary admission. The Court accepts Mr. Wilcox's admission and adjudges Mr. Wilcox guilty of the violation charged.

Now, I do find that -- well, let me ask this first.

Mr. Dangelo, does the United States want to be heard any further before I make my final findings with regard to the violation?

MR. DANGELO: No, Judge.

I mean, it's my understanding that he has agreed to comply with the requirements of the Pretrial Services Department. United States is satisfied with that. We would just ask the Court to give him the warning that this may be the last time such a deference is given to him and that the next time he might be detained.

THE COURT: All right. Thank you.

And Officer Small, am I understanding correctly from Mr. Dangelo that at this point in time Pretrial Services is not seeking any additional modifications?

PRETRIAL OFFICER: That's correct, Your Honor.

THE COURT: All right. Thank you.

And Mr. Dixon, does the defense want to be heard at all on this?

MR. DIXON: Very briefly, Your Honor, yes.

Prior to coming in here for the hearing today I've had, I think, fairly extensive contact and discussions with

my client. I think his refusal or failure to report in for that urine test that day was based sort of on a theory about whether or not Judge Boyko had actually ordered it or not. That's no longer an issue. There is a Court order on record that Judge Boyko has ordered that. He's -- he's willing to comply with that. He understands his responsibility. The only thing he did ask was that he lives much closer to Youngstown and he's hoping that -- and I think Ms. Small indicated it's very possible they can do it, that should he be required to give any urine tests or any other contacts, that he could go into Youngstown to do that. But he's ready to fully comply with the Court's order.

THE COURT: All right.

MR. DIXON: Thank you.

THE COURT: Thank you.

And Officer Small, is there any concerns from Pretrial Services with allowing him to make those kinds of reporting in Youngstown as opposed to Akron?

PRETRIAL OFFICER: Your Honor, he will be assigned an officer -- just for clarification. He will be assigned an officer out of the Akron office. However, for substance use treatment, the catchment area in which he lives, he will be able to go to Youngstown.

THE COURT: Okay. In other words, if he needs to meet with his Pretrial Services officer, he may still be

required to come to Akron but for treatment services, those can be arranged closer to his home.

PRETRIAL OFFICER: That is correct, Your Honor.

THE COURT: Okay. All right.

And Mr. Dixon, does that address the concern that you and your client have?

MR. DIXON: Yes. We appreciate that.

Thank you.

THE COURT: Okay. All right.

All right. Mr. Wilcox, I do find that you violated the conditions of your release, but I also find that there are conditions that would reasonably assure the safety of the community and your further appearance in the case.

Pretrial Services has not asked for additional bond modifications, so you will be constrained to the terms of your release as currently ordered and I will emphasize that those terms do include the additional modified requirements that were added by Judge Boyko on June 16th of 2025.

Sir, have you reviewed all of the conditions of your release, including those new bond conditions, with your attorney?

THE DEFENDANT: Yes, I have.

THE COURT: And do you understand the conditions of your release?

THE DEFENDANT: Yes.

THE COURT: All right. Now, when the original terms of release were imposed, I went through each of them on the record with you. I'm comfortable that you understand those conditions. I am going to go through those new conditions of release on the record with you just so that I can be assured you understand them.

So your bond conditions as modified on June 16th of 2025 include that you are not to use or unlawfully possess a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner.

You are to submit to -- for testing of prohibited substances if required by Pretrial Services.

And you must participate in a program of inpatient or outpatient substance abuse treatment as directed by Pretrial Services.

Sir, do you understand those additional conditions of your release?

THE DEFENDANT: Yes.

THE COURT: You understand that if you violate any of the conditions of your release, including those new conditions, you may be arrested, held in custody until further order of the Court, and you may face additional fines and penalties beyond those that you already face in this case.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right.

And as I indicated at our prior proceedings, being released on bond is an opportunity.

THE DEFENDANT: Okay.

THE COURT: This is an opportunity, sir, for you to show that you can --

(Attorney-client discussion.)

THE COURT: This is an opportunity, sir, for you to show that you can obey the law, comply with the terms of your release, and make all of your court appearances as scheduled. If you waste this opportunity, you may not receive another.

Do you understand that, sir?

THE DEFENDANT: Yes, I do.

MR. DIXON: Your Honor, may I confer with him for a moment?

THE COURT: You may.

MR. DIXON: He has a question for me.

(Attorney-client discussion.)

MR. DIXON: Your Honor, he -- he wanted some clarification that one of the conditions is no contact with any of the alleged victims of the offense.

My reading of the indictment is that alleged victims

of the offense as set forth in the indictment would be Huntington Bank and one other financial institution. He just wants to make sure -- apparently there's a -- he wants contact with his children. I know this Court has no jurisdiction to rule on that, but I think that's in other litigation in Licking County, Ohio, from what I understand. So he just wanted to clarify that they're not the named victims in this case.

THE COURT: So -- and let me just make sure we're all on the same page. The terms of release include any person who is or may be a victim or witness in the investigation or prosecution.

Now, Mr. Dangelo, I know that you're here for Pete Daly. Do you have an understanding, or does -- from the U.S. Attorney's Office, of who is or is not considered a victim or witness in the case?

MR. DANGELO: I agree with Mr. Dixon. It appears that it's the Huntington Bank. Huntington Bank is the victim in this particular case, but as Mr. Dixon indicated, if there's other litigation in any other court that prohibits him from having contact with those individuals, meaning his children -- I am unaware of it -- I don't think this Court has jurisdiction to alleviate any of those restrictions.

THE COURT: Okay. And understanding the

question was whether this order prohibits his contact, is the concern the contact with the mother of the children?

THE DEFENDANT: No. It's concern the contact with the children itself.

J.C. is Jamie Carningham (phonetic), and it's also my child, too, Nolan, and my son is calling me and I don't know if I'm allowed to talk to him or not because Sara Swank is named as the victim in all the discovery.

THE COURT: Okay. Well, so, I think that what should happen, Mr. Dixon, is that I would recommend that you be in contact with the United States Attorney's Office. I think Mr. Daly would probably be the better person to find out whether there's any of those named people that Mr. Wilcox is interested in contacting that the United States Attorney would consider to be a victim or witness.

MR. DIXON: I'll do that, Your Honor.

I have not received the discovery yet, so I think my client, just out of an abundance of caution, wants to make sure he's not going to run into any other violation here, which I think is commendable on his part, so I will contact Mr. Daly, who I know is in trial today, but I'll get a clarification very quickly.

THE COURT: All right.

MR. DIXON: And we will comply, Your Honor.

THE COURT: All right. Thank you.

Mr. Dangelo, anything further on that?

MR. DANGELO: No, Judge.

THE COURT: All right. Thank you.

All right. Mr. Wilcox will remain on release according to the terms that were previously in existence with an understanding, sir, that it is imperative that you are compliant with Pretrial Services relating to the conditions of your release.

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right.

Mr. Dangelo, anything further for the United States today?

MR. DANGELO: No, Your Honor.

Thank you.

THE COURT: Mr. Dixon, anything further for the defense?

MR. DIXON: No, Your Honor.

Thank you.

THE COURT: All right. Thank you all.

We are adjourned.

COURTROOM DEPUTY: All rise.

(Proceedings adjourned at 10:57:07 p.m. )

///

///

///

# C E R T I F I C A T E

I certify that the foregoing is a transcript from the recording of proceedings in the above-entitled matter. This transcript was prepared to the best of my ability from a digital audio recording of the proceedings held via Zoom videoconference, which recording was provided by the Court.

*/s/ Heather K. Newman* *1-31-2025*
HEATHER K. NEWMAN, RMR, CRR DATE