IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 5:25CR00176<br>5:25CR00214 |
| Plaintiff | * | |
| -vs- | * | JUDGE SARA LIOI |
| GRANT WILCOX | * | <u>MOTION TO SEVER INDICTMENTS FOR TRIAL</u> |
| Defendant | * | |

* * *

Defendant Grant Wilcox, by and through undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 14(a), for an Order severing Case No. 5:25CR00176 from Case No. 5:25CR00214 and directing that each matter be tried separately before separate juries. This Motion is made on the grounds that consolidation of the two indictments for trial would substantially and unfairly prejudice Mr. Wilcox, in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution and Federal Rule of Criminal Procedure 14(a).

The two indictments at issue arise from entirely separate and independent courses of conduct, involving distinct factual predicates, different time periods, and unrelated alleged conduct. Consolidation of these matters for a single trial would expose Mr. Wilcox to the significant dangers of evidentiary cumulation, and the substantial likelihood that the jury will be unable to compartmentalize the evidence from two entirely separate criminal prosecutions presented simultaneously.

The government cannot demonstrate that its interest in judicial economy outweighs the severe and constitutionally cognizable prejudice that Mr. Wilcox would suffer if forced to defend

both cases before a single jury. As set forth in the accompanying Memorandum of Law, severance is necessary and appropriate here.

Mr. Wilcox respectfully requests that this Court grant this Motion. The grounds for this Motion are set forth in the Memorandum in Support.

## I. MEMORANDUM OF LAW IN SUPPORT

Mr. Wilcox is charged under two wholly separate indictments that were returned by a grand jury on different dates and that arise from two entirely independent courses of alleged conduct. The First Indictment, Case No. 5:25CR00176, was returned on April 16, 2025; the Second Indictment, Case No. 5:25CR00214, was returned approximately fifteen days later, on May 1, 2025. The two indictments are unrelated in time, location, and alleged facts, and each stands alone as an independent criminal prosecution.

Should the government seek to consolidate these two matters for a single trial, Mr. Wilcox would be exposed to serious and irreparable prejudice that cannot be cured by limiting instructions. A jury presented simultaneously with two separate sets of criminal charges arising from distinct incidents would be invited to engage in precisely the type of reasoning that the Federal Rules of Criminal Procedure and the Federal Rules of Evidence are designed to prevent: cumulation of otherwise independent evidence, propensity inference, and an inability to evaluate each set of charges on its own independent merits. Severance of the two indictments is both necessary and constitutionally required to guarantee Mr. Wilcox the fair trial to which he is entitled under the United States Constitution.

## II. FACTUAL BACKGROUND

The first indictment, Case No. 5:25CR00176, was returned by the grand jury on April 16, 2025, and charges Mr. Wilcox pursuant to 18 U.S.C. §§ 1343 and 1344, Wire Fraud and Bank Fraud. The indictment alleges that he devised and intended to devise a scheme to defraud

Huntington and Robin Hood and to obtain money and property by means of materially false and fraudulent pretenses representations and promises. According to the indictment, Wilcox directed that funds be withdrawn via from an Automated Clearing House (ACH) transfers from Huntington accounts in the name of Wilcox, and deposited into a Robinhood account in the name of Wilcox and a Robinhood account in the name of J.C., person whose identity is known to the grand jury, to which Wilcox had access to deposit and withdraw funds. After the funds were deposited into the particular Robinhood account, Wilcox directed ACH withdrawals of such funds from the Robinhood account into a Huntington account in the name of Wilcox. After the funds were deposited into the Huntington account in the name of Wilcox, Wilcox electronically submitted via the internet a Huntington ACH Dispute Form on which Wilcox falsely and fraudulently asserted to Huntington that the original ACH transfer of funds from the Huntington account to the Robinhood account was done without Wilcox's authorization. In submitting the ACH Dispute Form, Wilcox intended to and did cause Huntington to credit Wilcox's Huntington account in the amount of the fraudulently disputed ACH transfer. As a result of this activity, Wilcox defrauded and attempted to defraud Huntington and Robinhood out of money and property valued at over $80,000. In Counts 1 through 17, Wilcox was charged with Wire Fraud, based on conduct which was alleged to have occurred on February 13, 2020, and May 30, 2020. In Counts 18 through 34, Wilcox was charged with Bank Fraud, based on conduct which was alleged to have occurred on February 13, 2020, and June 3, 2020 (ECF 1, Indictment, PageID #1-6). The first indictment arises from an independent factual predicate wholly separate from the events giving rise to the second indictment. The charges involve a distinct course of conduct with its own witnesses, its own alleged facts, and its own evidentiary record.

The second indictment, Case No. 5:25CR00214, was returned by the grand jury on May 1, 2025 — some fifteen days after the First Indictment — and charges Mr. Wilcox with offenses

arising from a separate and distinct course of conduct, independent in time, location, and alleged facts from those charged in the first Indictment. The second Indictment Charges Mr. Wilcox pursuant to 18 U.S.C. § 641, Theft of Government Property. The indictment alleges that from March 2022 to April 2023, on multiple different occasions, in a continuing course of conduct, willfully and knowingly still, purloin, and convert to his own use, and without authority disposed of money or things of value belonging to the United States and a department and agency thereof, to wit: the United States Postal Service, in that he fraudulently obtained United States Postal Service parcel indemnity claim checks having an aggregate value of approximately $9,128.65 (ECF 1, Indictment, PageID #1). This indictment involves its own separate body of evidence, its own witnesses, and its own legal theories. It has no material factual overlap with the first Indictment and does not arise from the same act or transaction.

It is anticipated that the government may seek to consolidate these two matters for purposes of trial in the interest of judicial efficiency. Mr. Wilcox objects to any such consolidation and moves this Court for an Order directing that each indictment be tried separately, before a separately empaneled jury, and on separate trial dates. As demonstrated below, the prejudice to Mr. Wilcox from a consolidated trial would be substantial, irreparable, and constitutionally impermissible.

## III. <u>LEGAL STANDARD</u>

Federal Rule of Criminal Procedure 8(a) governs the initial permissibility of joining offenses for trial. Under Rule 8(a), joinder of offenses in the same indictment or for trial together is permissible only when the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." *Fed. R. Crim. P.* 8(a). Even where Rule 8(a)'s threshold requirements are technically satisfied, however, joinder is not automatically proper.

Federal Rule of Criminal Procedure 14(a) provides that even where joinder is otherwise proper, the district court retains broad discretion to order separate trials "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government." *Fed. R. Crim. P.* 14(a). Rule 14 thus creates an independent basis upon which a defendant may seek — and a court must grant — severance whenever joinder would result in substantial unfair prejudice, regardless of whether joinder would be technically permissible under Rule 8.

The Sixth Circuit has recognized that Rule 14 authorizes severance to prevent prejudice even where joinder would otherwise be permissible under Rule 8. *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006). In conducting this analysis, the district court must weigh the prejudice to the defendant against the interest of judicial economy and must order separate trials where the risk of unfair prejudice substantially outweighs any gain in efficiency. *United States v. Wirsing*, 719 F.2d 859, 864 (6th Cir. 1983). As demonstrated below, Mr. Wilcox readily meets that standard.

One of the most serious dangers of trying two separate, unrelated indictments before a single jury is the risk of evidentiary cumulation — that is, the danger that the jury will use evidence admitted in connection with one case to infer guilt in the other. Where, as here, a defendant faces charges from two distinct indictments arising from separate and independent incidents, there is a substantial risk that the jury will view the evidence not as two independent bodies of proof, each to be evaluated on its own merits, but rather as a mounting tide of accusations that collectively overwhelms any reasonable doubt. *See United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976) (recognizing that, "[o]ne inevitable consequence of a joint trial is that the jury will be aware of evidence of one crime while considering the defendant's guilt or innocence of another. If the

rationale of the 'other crimes' rule is correct, it would seem that some degree of prejudice is necessarily created by permitting the jury to hear evidence of both crimes.").

When a defendant is tried simultaneously on charges arising from two wholly separate incidents, the jury is presented with a drumbeat of separate accusations that cumulatively create an impression of guilt that neither case, standing alone, would support. A juror who might have a reasonable doubt about the charges in Case No. 5:25CR00176 may nonetheless vote to convict based on their intuition that a person charged in two separate indictments must have done something wrong. This is precisely the type of reasoning that Rule 14 is designed to prevent, and it is precisely the harm Mr. Wilcox would suffer if these two cases were tried together.

The Sixth Circuit has stated that the allegations in the indictment determine whether joinder was proper, "[w]hether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment." *United States v. Locklear,* 631 F.3d 364, 368 (6th Cir.2011) (quoting *United States v. Chavis,* 296 F.3d 450, 456 (6th Cir.2002)). Reviewing each indictment in this case, establishes that joinder is not proper.

As set forth above, in the first indictment, Mr. Wilcox is charged in Counts 1 through 17 with Wire Fraud, based on conduct which was alleged to have occurred on February 13, 2020, and May 30, 2020. He is further charged in Counts 18 through 34, with Bank Fraud, based on conduct which was alleged to have occurred on February 13, 2020, and June 3, 2020. This conduct is entirely separate and distinct from the second indictment, wherein he is charged with Theft of Government Property. The indictment alleges that the conduct occurred from March 2022 to April 2023. Each first indictment arises from an independent factual predicate wholly separate from the events giving rise to the second indictment. The charges involve a distinct course of conduct with its own witnesses, its own alleged facts, and its own evidentiary record.

Here, the jury would be required to simultaneously process two entirely separate criminal prosecutions — each with its own witnesses, its own exhibits, its own legal theories, and its own factual narrative. The cognitive demand placed upon the jury would be extraordinary and would virtually guarantee that jurors would cross-apply evidence, inferences, and emotional reactions between the two cases. Limiting instructions, while appropriate in limited circumstances, cannot cure this type of structural prejudice. The sheer volume and complexity of evidence from two separate indictments — each standing alone as a full criminal prosecution — makes it a virtual certainty that jurors will be unable to evaluate each case on its own independent merits.

In this case, the two indictments involve separate witnesses, separate evidence, and separate legal theories. There is no significant body of common evidence that would require duplicative presentation at two separate trials. Any witnesses whose testimony might overlap between the two cases represent, at most, a marginal savings of judicial resources — a marginal savings that is wholly incommensurate with the devastating prejudice Mr. Wilcox would suffer from a consolidated trial. The government's interest in efficiency is therefore minimal in practical terms, while the harm to Mr. Wilcox is both substantial and irreparable.

Beyond the statutory prejudice analysis under Rule 14, the consolidation of these two indictments for trial implicates fundamental constitutional rights. The Due Process Clause of the Fifth Amendment guarantees every criminal defendant the right to a fair trial on the specific charges brought against him. *U.S. Const. amend. V.* The Sixth Amendment guarantees the right to trial by an impartial jury capable of rendering a reliable verdict based on the evidence properly before it. *U.S. Const. amend. VI.* Both guarantees are directly threatened by the prospect of a consolidated trial in this case.

Mr. Wilcox has a constitutional right to have the jury evaluate the charges against him in each case on their own independent evidentiary merits, untainted by the corrosive influence of

accusations arising from an entirely separate case. That right cannot be adequately protected through the use of limiting instructions, cautionary charges, or other procedural palliatives. It can be protected only by ordering separate trials. The combination of evidentiary prejudice, propensity risks, and inevitable jury confusion that would result from a consolidated trial rises to the level of a constitutional due process violation, independent of and in addition to the statutory prejudice required under Rule 14(a). The only constitutionally adequate remedy is an order severing the two indictments and directing that each be tried separately.

## IV. CONCLUSION

For all of the foregoing reasons, Mr. Wilcox respectfully requests that this Court enter an Order: (1) severing Case No. 5:25CR00176 from Case No. 5:25CR00214; (2) directing that each indictment be tried separately, before a separately empaneled jury, and on separate trial dates to be scheduled by the Court; and (3) granting such other and further relief as this Court deems just and proper. Mr. Wilcox further respectfully requests that this Court schedule a hearing at which this Motion may be fully argued by all parties.

Respectfully submitted,

*/S/ NATHAN A. RAY*____________________
NATHAN A. RAY, #0041570
Attorney for Defendant
159 South Main Street, Suite 401
Akron, Ohio 44308
330-253-7171 – 330-253-7174 (fax)
burdon-merlitti@neo.rr.com

PROOF OF SERVICE

I hereby certify that on May 22, 2026, a copy of the foregoing Motion To Sever Indictments For Trial was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/S/ NATHAN A. RAY*
NATHAN A. RAY
Attorney for Defendant