IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:25CR176 |
| | ) | 5:25CR214 |
| Plaintiff, | ) | |
| | ) | CHIEF JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| GRANT T. WILCOX, | ) | |
| | ) | UNITED STATES' RESPONSE TO |
| Defendant. | ) | DEFENDANT'S MOTION TO SEVER |
| | ) | INDICTMENTS FOR TRIAL |
| | ) | |

Now comes the United States of America, by and through counsel, David M. Toepfer, United States Attorney, and Peter E. Daly, Assistant United States Attorney, and hereby submits its response to Defendant's Motion to Sever Indictments (5:25CR176 ECF # 49: Motion to Sever, PageID 326-34; 5:25CR214 ECF # 42: Motion to Sever, PageID 295-303). For the following reasons, the United States does not oppose Defendant's motion.

Presently, both of the above-captioned cases are set for trial before this Court on August 31, 2026. In the instant motion, Defendant seeks to have the cases severed from each other for purposes of trial, such that each case would be tried separately before this Court. Rule 13 of the Federal Rules of Criminal Procedure, which governs joint trial of separate cases, states:

> The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

Fed.R.Crim.P. 13.

Rule 8 sets forth the circumstances under which offenses may be brought in a single indictment, as contemplated by Rule 13. Rule 8 states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The Sixth Circuit has held that Rule 8(a) should be construed in favor of joinder, but that the failure to meet the requirements of the rule constitutes misjoinder as a matter of law. *United States v. Chavis,* 296 F.3d 450, 456 (6th Cir. 2002). "Whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment." *Id*. "[W]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *United States v. Singer*, 782 F.3d 270, 277 (6th Cir. 2015) (quoting *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001).

In addition, "[e]ven if the joinder of two or more offenses is permissible under Rule 8(a), the court may be required to sever the offenses because of the possibility of undue prejudice from a single trial." *United States v. Wirsing,* 719 F.2d 859, 864 (6th Cir.1983). Under Rule 14, a court may order severance "[i]f the joinder of offenses or defendants in an indictment…appears to prejudice a defendant or the government[.]" Fed.R.Crim.P. 14(a). "But before the court will order separate trials, [the defendant] must show compelling, specific, and actual prejudice from a court's refusal to sever." *United States v. List*, 200 F. App'x 535, 541 (6th Cir. 2006) (internal quotation omitted). While the government does not oppose the instant motion, it does not concede that Defendant has shown such prejudice under Rule 14(a).

Separate trials are appropriate because joinder of the offenses charged in the instant cases in a single indictment would not have been proper under Rule 8. The offenses in case number 5:25CR176 arise from an alleged scheme by Defendant to defraud Huntington Bank and Robinhood financial services company between February 2020 and May 2020. (5:25CR176

ECF # 1: Indictment, PageID 1-6). The bank and wire fraud charges in that indictment involved Defendant initiating bank transactions between various accounts and then fraudulently disputing certain transactions to obtain funds from Huntington Bank under the guise of reimbursement. (*Id.*).

The indictment in case number 5:25CR214 charged one count of theft of government property, which related to a wholly separate alleged scheme by Defendant to unlawfully obtain insurance checks from the United States Postal Service (USPS) between Mach 2022 and April 2023. (5:25CR214 ECF # 1: Indictment, PageID 1). Specifically, in that case, Defendant is alleged to have mailed parcels through USPS which he falsely insured for greater than their actual value, and then fraudulently submitted claims for loss or damage to the parcels, thereby obtaining checks for the insured value. (*Id.*).

Thus, under the framework set forth by Rule 8, it is clear that the offense charged in case number 5:25CR214 is not "based on the same act or transaction," nor "connected with or [] part[] of a common scheme or plan," as those charged in case number 5:25CR176. Fed.R.Crim.P. 8. Likewise, while all of the charges in the two cases involve deception and plans to obtain money through false pretenses, the schemes alleged in each indictment are not "logically related," and there is not "a large area of overlapping proof" between the two. *See Singer*, 782 F.3d at 277. Indeed, the government's case at trial in case number 5:25CR176 would involve little, if any, evidence, witnesses, or testimony in common with that in case number 5:25CR214.

Finally, although the charges in both indictments are arguably "of the same or similar character," Fed.R.Crim.P. 8, given the other considerations noted above, the government believes the more appropriate course is for the Court to decline to require a joint trial under Rule

13, and instead to sever the two cases pursuant to Rule 14(a). Doing so will ensure that neither party is prejudiced as a result of consolidation of the two cases for trial, consistent with Rule 14(a), and will avoid any potential argument of misjoinder or improper consolidation under Rule 8 and Rule 13.

For the foregoing reasons, the United States does not oppose Defendant's Motion to Sever Indictments for Trial.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By: /s/ Peter E. Daly

Peter E. Daly (OH: 0084745)
Assistant United States Attorney
Federal Building
2 South Main Street, Room 208
Akron, OH 44308
(330) 761-0529
(330) 375-5492 (facsimile)
Peter.Daly@usdoj.gov